# GEORGE WALTON v. STATE.

No. A-5176. Opinion Filed Oct. 27, 1925.

(240 Pac. 141.)

Vance & Bliss, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The plaintiff in error, George Walton, was convicted on an information charging that in Cherokee county, November 12, 1923, he did convey one quart of whisky from a point unknown to the top of River hill in said county, and, in accordance with the verdict of the jury, he was sentenced to pay a fine of $150 and be confined in jail for 60 days.

The testimony of Bryce Blevins and Jim Sanders, deputy sheriffs, and D. W. Perkins, chief of police of Tahlequah, shows that they stopped on top of River hill near a vacant automobile, and the defendant, commonly known as "Happy Jack" came up the hill with a couple of bottles in his hand, and, seeing the officers he broke the bottles.

As a witness in his own behalf, the defendant testified that he left Tahlequah about 10 o'clock, and with Jim Stratton and another man they drove northeast of town to the top of River hill, and stopped; that he went to the Walking Stick spring and there bought two bottles of what was sup-

posed to be whisky, paying $2 therefor; that he had gone about 15 steps and saw the officers, and he broke the bottles to get rid of them.

It is insisted that the punishment imposed is excessive. In the brief it is said:

"The evidence in this case shows that it is his first offense. He has never been charged or convicted of an offense of this kind or of any other, and, in view of the fact of his general good reputation, we believe sincerely that your honorable court would be fully justified in modifying the judgment to the minimum punishment. This I am sure would be quite sufficient to impress upon him a lesson and would vindicate the law; that defendant, who is known as 'Happy Jack,' is liked by the entire citizenship of Cherokee county, where he has lived all his life."

It is both the spirit and intention of our laws that penalties should be imposed in criminal cases for the protection of society and the reformation of the criminal, and sentences should be imposed in keeping with the spirit of the law. In view of all the facts and circumstances in this case, we are inclined to think that the penalty imposed is too severe.

The judgment and sentence herein will therefore be modified by reducing the sentence to a fine of $50 and confinement in jail for 30 days, and, as thus modified, the judgment is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.